IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SARAH BRADBURY, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-224 |
| v. | |
| BRYAN COUNTY, GEORGIA; FREDDY HOWELL; and SHANNON BANCROFT, in their individual and official capacities, | |
| Defendants. | |

# **O R D E R**

Presently before the Court is Defendants Freddy Howell, Shannon Bancroft, and Bryan County's[1] Motion to Dismiss Plaintiff Sarah Bradbury's Second Amended Complaint ("SAC").[2] (Doc. 31.) Plaintiff sued Defendants, alleging they discriminated and retaliated against her during her employment with Bryan County Fire and Emergency Services ("BCFES"). (Docs. 1-1, 13 & 30.) Presently before the Court is Defendants' Motion to Dismiss Plaintiff's SAC, (doc. 31), to

---

[1] The parties dispute whether Bryan County was properly served. (Doc. 31, pp. 1–2 n.1; doc. 32, pp. 3–4.) Nonetheless, Bryan County "specially appears for the limited purpose of joining this [M]otion." (Doc. 31, pp. 1–2.)

[2] In addition to Howell and Bancroft, Plaintiff's Original Complaint listed "Bryan County Fire and Emergency Services" as a Defendant, and her First Amended Complaint listed "Bryan County Fire and Emergency Services" *and* "Bryan County, Georgia," as Defendants. (Docs. 1-1 & 13.) The Clerk of Court never updated the docket to include Bryan County, Georgia, as a Defendant, and the Court later dismissed (without prejudice) all claims against all named parties in the First Amended Complaint, (doc. 29). In her Second Amended Complaint, Plaintiff does not include "Bryan County Fire and Emergency Services" as a Defendant and explicitly states that she "has voluntarily removed Defendant Bryan County Fire and Emergency Services from this action." (Doc. 30, p. 1.) Accordingly, the Clerk of Court is **DIRECTED** to **TERMINATE** Bryan County Fire and Emergency Services as a party on the docket of this case and to **ADD** Bryan County, Georgia, as a Defendant (represented by the same counsel who represented "Bryan County Fire and Emergency Services") on the docket of this case.

which Plaintiff has filed a Response, (doc. 32). For the reasons more fully explained below, the Court **DENIES** Defendants' Motion to Dismiss. (Doc. 31.)

## BACKGROUND

At all times relevant to the action, Plaintiff was employed with BCFES, where Defendant Freddy Howell was Chief and Director of Emergency Services, and Defendant Shannon Bancroft was Defendant Howell's second-in-command. (Doc. 30, pp. 1–3.)

In the Original Complaint, Plaintiff brought a variety of claims under federal and state law. (Doc. 1-1, pp. 14–25.) Defendants then filed a motion pursuant to Federal Rule of Civil Procedure 12(e), seeking a more definite statement on the grounds that the Complaint was a shotgun pleading. (Doc. 10.) Plaintiff did not oppose this motion and instead filed an Amended Complaint, noting that the amendment was being made "in response to Defendant[s'] Motion for More Definite Statement." (Doc. 13, p. 1.)

Defendants then moved to dismiss the Amended Complaint, arguing that the changes did not cure the pleading problems contained in the Original Complaint. (Doc. 15.) Defendants maintained their prior arguments that the Amended Complaint contained stray allegations not obviously connected to any Count, that it failed to identify which Defendant's conduct the claims were based on, that it failed to state which claims were being brought against which Defendants, and that it combined multiple claims into single counts. (Id.) The Court agreed, finding the Amended Complaint was an impermissible "shotgun" pleading because it contained factual allegations not linked to any particular cause of action, it bunched multiple claims into single counts, it failed to identify the law on which each of the claims was premised, and it did not specify which Defendants each count was brought against or whose conduct supported each count. (Doc.

29, pp. 4–15.) The Court gave Plaintiff one more opportunity to replead her claims, directing her to file a SAC in which she "plead[s] each legal claim in a separate count, paying close attention to the elements of those claims," "plead[s] the relevant factual basis," and "identif[ies] against whom each claim is brought with supporting facts related to each Defendant's acts." (Id. at p. 18; see also id. at pp. 16–19.)

In her SAC, Plaintiff asserts many of the same claims under federal and state law. (Doc. 30.) Defendants move once more to dismiss Plaintiff's claims, arguing that the SAC is another shotgun pleading which only "reproduces, and in some instances expands on, each of the[] defects" of the Amended Complaint. (Doc. 31, p. 6; see also id. at pp. 4–13.) Specifically, Defendants contend that the SAC "fails to incorporate sufficient factual allegations into each of its Counts;" "combines multiple claims into single counts;" and "fails to state which claims are being brought against which Defendants (and whose conduct the claims are based on)." (Id. at pp. 6–12.) Plaintiff filed a Response, arguing generally that she complied with the Court's pleading directions. (Doc. 32.)

## DISCUSSION

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 further provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Id. "Complaints that violate either Rule 8(a)(2) or Rule

10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).

The Eleventh Circuit Court of Appeals has identified "four rough types" of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts;" (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief;" and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321–23 (collecting cases). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. The Eleventh Circuit has "repeatedly condemned shotgun pleadings, since '[p]leading claims in this fashion imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts.'" Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (quoting United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)); see also Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356 (11th Cir. 2018) ("This Court has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices.").

The Court has reviewed Plaintiff's SAC. (Doc. 30.) While it is certainly not a "model of efficiency or specificity," Weiland, 792 F.3d at 1325, the SAC is not a shotgun pleading. See Jean

Charles v. GEO Group Inc., No. 22-13891, 2024 WL 1619911, at *3 (11th Cir. Apr. 15, 2024) ("We do not require 'technical exactness' in pleading . . . .") (quoting De Loach v. Crowley's, Inc., 128 F.2d 378, 380 (5th Cir. 1942)).  In determining whether a pleading constitutes an impermissible shotgun pleading, the Eleventh Circuit has repeatedly considered whether it is "virtually impossible" to discern which factual allegations support each of the claims.  See Weiland, 792 F.3d at 1325 (When a plaintiff submits a shotgun pleading, "it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." (quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)); see also Jean Charles, 2024 WL 1619911, at *3 ("Despite the pleading deficiencies identified by the court, it is not 'virtually impossible' to understand Jean Charles's claims or 'which allegations of fact are intended to support which claim(s) for relief.'  She believes her employer subjected her to discrimination and retaliation prohibited by Title VII.  And both amended pleadings clearly identify the same two claims for relief and the factual grounds on which they were based: (1) national origin discrimination, under a disparate-impact theory, based on the defendants' 'promotion and compensation' policy, which capped her pay in 2011 with no raises or promotions; and (2) retaliation, based on her termination after filing a charge of discrimination with the EEOC.") (internal citations omitted); Inform Inc. v. Google LLC, No. 21-13289, 2022 WL 3703958, at *4 (11th Cir. Aug. 26, 2022) ("Here, Inform's amended complaint lacks the defining feature of shotgun pleadings, as it is not 'virtually impossible' to discern which factual allegations support each of Inform's claims.  To be sure, the complaint is certainly long and may not be a paragon of clarity.  But that did not prevent the district court or the . . . defendants from

understanding the basis of Inform's core antitrust claims for monopolization offenses, exclusive dealing, and tying.").

Moreover, Plaintiff's SAC does not fit within any of the four categories of "shotgun" pleadings described in Weiland, 792 F.3d at 1321–23. Specifically, the SAC sets forth claims in separate counts, does not "adopt[] the allegations of all preceding counts,"[3] does not include "immaterial facts" unrelated to any claim, and the counts specify which Defendants are responsible for which claims. See id.

The Court has no trouble understanding Plaintiff's allegations. She claims she reported the misconduct of a co-worker to her superiors (Defendants Howell and Bancroft) (the "report"), and that, thereafter, Howell and/or Bancroft committed (or, at times that Howell was aware of *Bancroft's* commission of) specified acts in retaliation against her (those acts being verbal assault; unequal application of policies described in the SAC; refusal to give her a previously promised position as recruit coordinator; manipulation of the scoring process in order to "mov[e] her to the bottom of the promotion list" and not give her a promotion to battalion chief; changing the shift she had worked for five years; and ultimately terminating her) in violation of the Georgia Whistleblower Act. (Doc. 30, pp. 5–9, 12–13, 15, 18–19.) She also alleges that the unequal application of one policy (concerning timecard adjustments) violated the Fair Labor Standards Act,

---

[3] Although, for some of Plaintiff's counts, the SAC incorporates by reference paragraphs contained in previous counts, it never incorporates all of the preceding allegations and the incorporation has not impeded the Court's ability to read and understand which facts form the basis of each count. See Watts v. City of Port St. Lucie, No. 2:15-CV-14192, 2015 WL 7736532, at *5 (S.D. Fla. Nov. 30, 2015) ("Although some counts of Plaintiff's Complaint do incorporate paragraphs in previous counts by reference, it is not an impermissible 'shotgun pleading,' because it does so only for convenience, and the Court is able to ascertain which paragraphs are relevant to each of the claims."); cf. Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) (A shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions.").

(id. at p. 9); that the actions regarding the failure to promote her to battalion chief were also taken in retaliation for her having taken a period of FMLA leave, (id. at pp. 10–11); and that Bancroft interfered with her FMLA leave by "calling and messaging her with false claims" while she was on leave, (id at pp. 9–10). She also alleges that Howell and Bancroft's manipulation of promotion scores and denial of the promotion to battalion chief constituted discrimination based on her sexual orientation and the fact that she had a mental health disability, which was in violation of specified federal laws. (Id. at pp. 13–15.) She claims that Defendant Bryan County knew or should have known about the actions and inactions of Howell and Bancroft and that it failed to train or supervise them on discrimination and retaliation, on the Americans with Disabilities Amendments Act, and on employee rights under the FMLA. (Id. at pp. 10–15.) She further alleges that Defendants Howell and Bancroft conspired to commit unlawful acts and acted outside their lawful duties, (id. at pp. 11–12); and that Defendant Bancroft committed slander against her through specified statements he made to a lieutenant with an intent to injure Plaintiff (and that Defendants Howell and Bryan County knew or should have known of the statements), (id. at pp. 15–16). Finally, she claims that Defendants Howell and Bancroft retaliated against her for exercising her First Amendment rights (when she made her report) by not promoting her, not moving her to the recruit coordinator position, and by terminating her, (id. at p. 16); and that the actions by Defendants Howell and Bancroft as alleged in the SAC (and Bryan County's shortcomings as alleged in the SAC) constituted intentional infliction of emotional distress against her, (id. at pp. 16–17).

By providing the above summary, the Court is by no means indicating whether any—much less all—of Plaintiff's claims have a sufficient basis in the law and are sufficiently supported by factual allegations. Defendants have moved to dismiss the SAC as a whole solely on the ground

that it constitutes an impermissible shotgun pleading. In response, the Court simply finds that the SAC gives Defendants adequate notice of Plaintiff's claims and is not virtually impossible to understand and thus is not subject to dismissal as a shotgun pleading. See Pinson v. JPMorgan Chase Bank, N.A., 942 F.3d 1200, 1207–08 (11th Cir. 2019) (declining to dismiss complaint as a shotgun pleading, explaining that it "does not contain endless irrelevancies[ a]nd it does what complaints must do: it gives the defendant adequate notice of the claims against it and the grounds upon which each claim rests," and explaining that "[w]e have no trouble understanding [pro se plaintiff's] allegations that JPMorgan Chase violated federal law by providing a false name to TransUnion, failing to investigate the accuracy of the information it provided, and obtaining Mr. Pinson's credit report for an improper purpose") (quotations, citation and alterations omitted); Amin v. Mercedes-Benz USA, LLC, 349 F. Supp. 3d 1338, 1350 (N.D. Ga. 2018) ("While the Eleventh Circuit has made its disdain for 'shotgun' pleadings abundantly clear, dismissal of the complaint should be reserved for only the most egregious cases where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.") (quotations and citations omitted). It "sufficiently alleges the conduct attributable to each Defendant" and, as the Eleventh Circuit has put it, "[e]ven if the amended complaint did not sufficiently allege a basis to hold" some or all three of the Defendants liable on specific counts, "that's a Rule 12(b)(6) problem, not a shotgun-pleading problem." Inform, 2022 WL 3703958, at *4. Notwithstanding the Court's denial of the Motion to Dismiss on shotgun pleading grounds, Defendants are free to file dispositive motion(s) in the future that challenge the sufficiency of the SAC's allegations to support the various claims and requests for relief asserted therein.

**CONCLUSION**

Though imperfect in some respects, the SAC provides Defendants with adequate notice of the claims against them and does not amount to another shotgun pleading. Because Defendants moved for dismissal solely on shotgun pleading grounds, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's SAC. (Doc. 31.) The Court **DIRECTS** the Clerk of Court to **LIFT** the stay of discovery, (doc. 18). The Court further **DIRECTS** the parties to confer and submit a report as required by Rule 26(f) **within 14 days** of the entry of this Order.

**SO ORDERED**, this 28th day of March, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA