# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SARAH BRADBURY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-224 |
| | ) | |
| BRYAN COUNTY, GEORGIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action in the Superior Court of Bryan County on July 7, 2023. Doc. 1-1 at 3. Defendants removed it to this Court. Doc. 1. Plaintiff filed an Amended Complaint, doc. 13, and Defendants filed a Motion to Dismiss, doc. 15. This Court denied Defendants' Motion to Dismiss, dismissed Plaintiff's First Amended Complaint without prejudice, and directed Plaintiff to file a Second Amended Complaint within 14 days. Doc. 29. Plaintiff complied, doc. 30, and Defendants responded with a Motion to Dismiss Plaintiff's Second Amended Complaint on shotgun pleading grounds. Doc. 31. This Court denied Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint but noted that "Defendants are free to file dispositive motion(s) in the

future that challenge the sufficiency of the [Second Amended Complaint's] allegations to support the various claims and requests for relief asserted therein." Doc. 35 at 8. Since then, the parties have submitted a Rule 26(f) Report, doc. 36, and Defendants have filed another Motion to Dismiss Plaintiff's Second Amended Complaint, doc. 37, and a Motion to Stay Discovery pending resolution of their pending Motion to Dismiss, doc. 39. Plaintiff did not timely respond to Defendants' Motion to Stay, indicating a lack of opposition. *See* S.D. Ga. L. Civ. R. 7.5. That Motion is now ripe for review.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced

by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a 'preliminary peek' . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n.2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive." *Sams*, 2016 WL 3339764 at *6. "[A] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *CSX Transp., Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652).

As Defendants point out in their Motion to Stay, their pending Motion to Dismiss seeks "dismissal of all claims asserted against them in Plaintiff's second amended complaint." Doc. 39 at 3. Upon a preliminary

3

review, Defendants' Motion to Dismiss does not appear to be meritless. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470, at *2 (M.D. Ga. Oct. 10, 2008) (granting a stay of discovery deadlines when a motion to dismiss was not "meritless on its face"). Additionally, because Plaintiff did not voice any opposition to the stay, *see generally* docket, it appears that Plaintiff would not be prejudiced by a stay. On balance, then, a stay is appropriate. The Court **GRANTS** Defendants' Motion to Stay Discovery Pending Resolution of their Motion to Dismiss, doc. 39. All discovery and discovery-related deadlines are **STAYED** until the District Judge rules on Defendants' Motion to Dismiss, doc. 37. The Clerk is **DIRECTED** to terminate the parties' Rule 26(f) Report, doc. 36. If any claims remain pending, and unless otherwise instructed by the District Judge, the parties are **DIRECTED** to confer and submit a renewed Rule 26(f) Report within fourteen days of the disposition of Defendants' Motion to Dismiss.

**SO ORDERED**, this 12th day of May, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA