IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SARAH BRADBURY, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 4:23-CV-224-RSB-CLR |
| | * | |
| BRYAN COUNTY, GEORGIA, et al., | * | |
| | * | |
| Defendants | * | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
12(b) MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW Freddy Howell and Shannon Bancroft, Defendants in the above-styled action, as well as Bryan County, which specially appears because it has been named as a Defendant but has not been served with process, and file this reply brief in support of their motion to dismiss Plaintiff Sarah Bradbury's second amended complaint, showing the Court the following:

**Introduction**

Bradbury's opposition brief fails to cure any of the multiple fatal defects identified by Defendants in their motion to dismiss. As a preliminary matter, Bradbury has failed to establish that Bryan County was ever properly served, and this jurisdictional defect must be resolved before the Court may address the sufficiency of any claims asserted against the County. With respect to a number of the causes of action set forth in the second amended complaint, Bradbury offers no response whatsoever to

Defendants' showings that those counts fail to state a claim. Much of the second amended complaint is thus subject to dismissal on the ground that Defendants' motion to dismiss those portions of the pleading is unopposed. The remainder of the second amended complaint fails to state a claim, and dismissal of the pleading in its entirety is warranted.

**Argument and Citation of Authority**

I. *Plaintiff's claims against Bryan County are barred by Plaintiff's failure to make valid service.*

    A. *The Court should address the question of whether Bryan County was properly served before evaluating whether the second amended complaint states a claim against any Defendant.*

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (same). Because a court does not have personal jurisdiction over a defendant who has neither been served nor waived service, whenever a court finds that a defendant has not been properly served under the Federal Rules of Civil Procedure, it is "improper for the district court to . . . reach[ ] the merits in th[e] case." *Jackson v. Warden, FCC Coleman–USP*, 259 F. App'x 181, 183 (11th Cir. 2007). *Accord James v. U.S. Bank N.A.*, No. 312CV00120TCBRGV, 2012 WL 12875767, at *2 (N.D. Ga. Nov. 9, 2012), report and recommendation adopted, No. 3:12-CV-120-TCB, 2012 WL 12876714 (N.D. Ga. Nov. 29, 2012) ("It is [] reversible error for a district court to address the merits of a cause of

action when the plaintiff has failed to properly effect service of process in accordance with Federal Rule of Civil Procedure 4."). "Accordingly, [a c]ourt cannot address [a defendant's] arguments regarding the legal sufficiency of [a p]laintiff's claims under Rule 12(b)(6) until it first addresses the issue of whether [the defendant] has been properly served with the summons and [c]omplaint." *Johnson v. Wells Fargo & Co.*, No. 1:20-CV-2074-TWT-JSA, 2020 WL 10054621, at \*3 (N.D. Ga. Sept. 25, 2020).

In the concluding portion of her brief, Bradbury argues, first, that her complaint states a claim, and second, that she made service on Bryan County. Dkt. 40, p. 17. She further suggests that if the Court determines that her complaint does not state a claim under federal law, the Court should "sever and dismiss in part those claims" and remand the remaining claims to state court. *Id.* But the question of whether Bryan County has been validly served is a threshold issue that must be addressed at the outset of the Court's analysis of the motion to dismiss. If the Court determines that Bryan County was not served, dismissal must follow, and the Court should not reach any argument concerning the sufficiency of the claims against the County.

> B. *Bryan County cannot have been validly served, because Plaintiff never obtained a summons addressed to it.*

Bradbury attempts to skirt the process defect raised in Defendants' motion to dismiss by arguing that serving Bryan County with a summons addressed to "Bryan County Fire and Emergency Services" (BCFES) suffices as service on the County, because BCFES "is an agent and vehicle of Bryan County." Dkt. 40, pp. 2-4. But Bradbury cites no authority in support of the purported rule that service on a county (or

other local government entity) may be accomplished by way of a summons addressed to a subsidiary department that is not, itself, a legal entity. Moreover, Bradbury's own filings show that she believed Bryan County and BCFES to be legally distinct; her first amended complaint named both entities as separate parties and asserted different allegations against them. Having previously acknowledged Bryan County and BCFES as separate entities, Bradbury would be hard pressed to show that the Court should consider them as one for service purposes even if such conflation were otherwise supported by law.

No summons was ever issued for Bryan County, and Bradbury never attempted to remedy this defect after Defendants raised the issue in multiple filings. Bradbury's assertion that a summons addressed to the non-entity BCFES could be used to accomplish service on the County does not enjoy legal support. Rather, the undisputed lack of any summons addressed to the County precludes a finding that it has been validly served. *See Williams v. Huseth*, No. CV421-124, 2022 WL 635428, at *1 (S.D. Ga. Jan. 28, 2022) (failure to obtain a summons for a named defendant means service is legally impossible). *See also Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 365–66, 823 S.E.2d 51, 54–55 (2019) (holding that because appellant was allegedly served on date that complaint had not yet been amended to name appellant as a defendant, and record did not "contain a copy of a summons that named the [a]ppellant as a defendant," the record did not show that service was perfected on the appellant); *Sharpe v. Great Midwest Ins. Co.*, 344 Ga. App. 208, 212, 808 S.E.2d 563, 567 (2017) (holding that

no valid service occurred where defendant was served with copy of complaint, but not

with summons directed to it, prior to complaint being amended to add it as a

defendant); *Fairfax v. Wells Fargo Bank, N.A.*, 312 Ga. App. 171, 174, 718 S.E.2d 16, 19

(2011) (finding no valid service where copy of complaint identifying only one

defendant, along with summons directed to that defendant, were served on separate

but legally related person who was later named as a defendant).

> C. *The service attempted in July 2023 would not have been valid with respect to Bryan County even if it were made with a summons that properly named the County as a defendant.*

Georgia law requires that service on a county be made to the chair of the board

of commissioners or a properly appointed agent. Bradbury attempts to rely on an

alleged statement by the county clerk that she could accept service on behalf of the

County, and on advice allegedly given to a process server by the County Attorney. Dkt.

40, pp. 4-5. But the only authority cited by Bradbury in support of her argument that

"[i]t can be enough for the appointee to hold themselves out to the process server as

someone who could accept service on behalf of the County" is the same case cited by

Defendants in their motion, which does not so hold.

In *City of East Point v. Jordan*, the court found that service on a city attorney

sufficed as service on the city only after finding that *all* of the following were true: (1)

the city's charter explicitly authorized service on the city attorney; (2) the city attorney

held herself out as someone who could accept service on behalf of the city and three

other city officials identified her as the person to be served on behalf of the city; and (3)

the mayor, who would otherwise be the appropriate recipient for service under O.C.G.A. §9-11-4(e)(5), testified that he had designated the city attorney to accept service on behalf of the city "and that he instructed persons seeking to serve the [city] not to provide the summons and complaint to him, but rather to serve them upon [] the city attorney." 300 Ga. App. 892-93 (2009).

Far from holding that a local government employee's statement that she can receive process on behalf of the entity may be sufficient to establish that she is an agent who can validly be served, *City of East Point* makes clear that an agent's apparent authority to accept service must be supported by charter provisions, ordinances, or some other formal designation. Neither *City of East Point*, nor any other authority, states that hearsay and informal acknowledgments can meet this requirement. There is no evidence of actual or formal authority for the County Clerk to accept service on behalf of Bryan County. Service was defective and could not have conferred jurisdiction even if a valid summons had been issued, and for this second reason, dismissal of all claims against Bryan County is warranted.

## II.    *Plaintiff has abandoned her federal statutory claims.*

Bradbury's response fails to address Defendants' showings that her claims under Title VII, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Fair Labor Standards Act (FLSA) are deficient. Defendants' arguments with respect to each of these causes of action stand unrebutted, and dismissal is appropriate for the reasons set forth in Defendants' principal brief.

**III.** *Plaintiff fails to state a claim for violation of her First Amendment rights.*

Bradbury fails to allege that she engaged in protected speech as a citizen on a matter of public concern, as required to state a First Amendment retaliation claim. Her allegations reflect that she raised complaints internally to her supervisors about a fellow employee's alleged misconduct. Such speech, made within the chain of command and related to internal operations, falls squarely within the scope of her official job duties and is not protected under the First Amendment. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006) (speech that "owes its existence to a public employee's professional responsibilities" is not protected); *Moss v. City of Pembroke Pines*, 782 F.3d 613, 617–18 (11th Cir. 2015).

In response to Defendants' showing that Bradbury's second amended complaint contains no allegations sufficient to show that she spoke as a citizen on a matter of public concern, Bradbury argues that "[the] record also shows that Plaintiff's job duties as a lieutenant did not include her reporting sexual assault, battery, harassment or other misconduct." Dkt. 40, p. 8. But in support of this statement, Bradbury cites to paragraph 33 of docket entry 13—her *first* amended complaint. That version of the complaint is no longer operative, and the second amended complaint contains no such allegations. The Court cannot look to superseded pleadings to evaluate the sufficiency of the current complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that because an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading, an earlier filed

pleading "bec[omes] a legal nullity" when a superseding complaint is filed). Indeed, even the portions of Bradbury's *second* amended complaint that she cites in an attempt to support her First Amendment claim are not properly considered in connection with that claim, as the allegations are neither pleaded in, nor incorporated in, the count setting forth a claim for First Amendment retaliation. Dkt. 40, p. 8; *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002) (noting that a district court is not required to "sift through the facts presented and decide for itself which [are] material to the particular cause of action asserted.").

The count of the second amended complaint setting forth a claim for First Amendment retaliation contains no supporting factual allegations at all. Certainly, then, it does not contain sufficient factual allegations to suggest that Bradbury was speaking as a citizen on a matter of public concern. And even if the three factual allegations that Bradbury cites in her brief – two of which are contained elsewhere in her second amended complaint, and one of which appears only in a superseded pleading – could properly be considered in connection with her First Amendment retaliation claim, they would fall far short of overcoming the presumption that her speech was not protected because it was "exclusively made at the workplace and directed toward other [] employees." *Boglin v. Bd. of Trs. of Alabama Agric. & Mech. Univ.*, 290 F. Supp. 3d 1257, 1268 (N.D. Ala. 2018).

Further, even assuming a constitutional violation could be inferred, Howell and Bancroft would be entitled to qualified immunity. "Once an officer raises the defense of

qualified immunity, *the plaintiff bears the burden* to show that the officer is not entitled to it." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (emphasis supplied). "Plaintiffs cannot carry their burden of proving the law to be clearly established by stating constitutional rights in general terms." *Dartland v. Metropolitan Dade County*, 866 F.2d 1321, 1323 (11th Cir.1989). Where a plaintiff offers no meaningful response to a defendant's assertion of qualified immunity, the trial court's inquiry should end, as "the onus is on the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995). *See, e.g., Wall-DeSousa v. Johnson,* No. 614CV1959ORL41DAB, 2016 WL 9444142, at *4 (M.D. Fla. Jan. 19, 2016)*, aff'd sub nom. Wall-DeSousa v. Florida Dep't of Highway Safety & Motor Vehicles*, 691 F. App'x 584 (11th Cir. 2017) (finding that plaintiffs failed to carry their burden and granting dismissal where plaintiffs' response to defendants' assertion of qualified immunity "span[ned] little more than a single page," "[made] no attempt to particularize the constitutional right at issue" by providing a fact-specific analysis, and did not "sincerely attempt" to show that the case fell within either exception to the requirement to produce analogous case law establishing the conduct at issue as unlawful).

Bradbury does not dispute that Defendants Howell and Bancroft were acting within their discretionary authority at all relevant times, and she thus bears the burden to show that she has pleaded sufficient facts to plausibly allege that her clearly established rights were violated. The majority of her short discussion of qualified immunity amounts to "stating constitutional rights in general terms." Dkt. 40, pp. 41-42

("it has been clearly established law since at least 2016 that Defendants could not fire Plaintiff because of her whistleblowing activities;" "Defendants violated a clearly established right, which was Plaintiff's right to 'blow the whistle.'"). Bradbury cites only a single case involving a First Amendment retaliation claim from a public employee, and she offers no substantive analysis beyond a statement that the case clearly established that "a public employer may not fire an employee for reporting corruption." Dkt. 40, p. 9.

In *Carollo v. Boria*, the defendant did not dispute that the plaintiff spoke on a matter of public concern, and did not argue that there was an adequate justification for terminating his employment other than his protected speech. 833 F.3d 1322, 1329 (11th Cir. 2016), abrogated by *Gilmore v. Georgia Dep't of Corr.*, 111 F.4th 1118 (11th Cir. 2024). As a preliminary matter, Defendants *do* contest Bradbury's characterization of her speech as being on a matter of public concern. Thus, even if *Carollo* were similar on the facts, it still could not clearly establish the law on that issue. And in any event, *Carollo* is readily distinguishable on its facts – and actually *supports* Defendants' position on the law.

The *Carollo* plaintiff – a city manager – reported "to law enforcement and other agencies," and publicly disclosed at city council meetings, that the mayor and a councilwoman were violating campaign finance laws, violating financial disclosure laws, and engaging in corruption. *Id.* at 1326. His employment was terminated soon after these disclosures were made. *Id.* The Eleventh Circuit held that the *Carollo* plaintiff

stated a claim for First Amendment retaliation with respect to his reports regarding violation of campaign finance laws, because his ordinary job duties – which were described in a municipal charter incorporated in the pleadings – appeared to be unrelated to enforcing such laws. *Id.* at 1331. Notably, the defendants *did not contest* that the city manager was not ordinarily responsible for ensuring that other public official complied with campaign finance laws. *Id.* As to the other alleged instances of retaliation, however, the court held that the complaint "[did] not state plausible claims that [the plaintiff] spoke as a citizen and not pursuant to ordinary job responsibilities," because the complaint did not contain enough factual allegations to establish whether his job duties included reporting regarding financial disclosure violations or corruption by city employees. *Id.*

The actual relevant holding of *Carollo*, then, is not that "a public employer may not fire an employee for reporting corruption" [Dkt. 40, p. 9] – it is that a public employee fails to state a claim for First Amendment retaliation when he alleges that he was fired after reporting corruption, but does not offer any factual allegations to establish that making such a report was unrelated to his job duties. *Id.* The sole case cited by Bradbury involving a remotely similar factual situation *supports* the conclusion that Defendants Howell and Bancroft would be entitled to qualified immunity if the second amended complaint otherwise stated a claim against them under 42 U.S.C. §1983.

**III.** *Plaintiff fails to state a claim under Georgia law.*

    **A.** *The Georgia Whistleblower Act does not allow individual liability.*

O.C.G.A. § 45-1-4 authorizes actions against public employers, not individuals. Bradbury cites *Baptiste v. Mann*, but that case upheld a claim against a sheriff's chief deputy in his official capacity – and a deputy in his official capacity is merely a stand-in for his public employer. 360 Ga. App. 345, 348, 861 S.E.2d 212, 217 (2021) (noting that action was filed "against [the deputy] in his official capacity"); *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (noting that claim against deputy in his official capacity was properly dismissed as "duplicative and superfluous," because "a suit against a government officer in his official capacity is simply a suit against the relevant governmental entity," and the governmental entity – the sheriff in his own official capacity – had already been named). Because Bryan County was not served, and because Defendants Howell and Bancroft cannot be sued under the GWA in their individual capacities, the claim fails as to all Defendants.

    **B.** *Plaintiff's claims for assault and IIED are supported only by conclusory allegations, not sufficient allegations of fact.*

The second amended complaint contains no factual allegations suggesting that Defendant Bancroft threatened immediate physical harm to Bradbury, or made gestures suggesting an ability or intent to carry out violence – an element of assault under Georgia law which Bradbury herself acknowledges. Dkt. 40, p. 11. Verbal "berating" or criticism in the workplace, even if aggressive, does not constitute assault. *See Wunderlich v. Conklin*, No. CV 122-025, 2022 WL 1548109, at *4 (S.D. Ga. Apr. 21, 2022), report and

recommendation adopted, No. CV 122-025, 2022 WL 1540212 (S.D. Ga. May 16, 2022). Bradbury's conclusory allegation that she "was reasonably apprehensive of bodily harm or offensive contact," absent any supporting factual allegations to explain why this was the case, is insufficient. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (holding that complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement") (citation and punctuation omitted). Because it contains no facts to support the allegation that Bancroft caused Bradbury to fear imminent physical harm, the second amended complaint fails to state a claim for assault.

Similarly, Bradbury makes no substantive response to Defendants' showing that the allegations pleaded in support of her claim for intentional infliction of emotional distress are entirely conclusory. Bradbury argues that she has "pled the necessary elements of IIED," and points to the paragraphs of her complaint that recite the elements of a claim for IIED. Dkt. 40, p. 14. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under the *Twombly/Iqbal* pleading standard, and Bradbury has pleaded nothing beyond those recitals with respect to her claim for IIED. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Consequently, the second amended complaint fails to state a claim for IIED.

C.       *Plaintiff's claims for slander and civil conspiracy are barred.*

With respect to her claim for slander, Bradbury responds only to Defendants'

showing that the allegedly defamatory statement was a non-actionable statement of opinion, arguing that the statement "could be reasonably interpreted to state defamatory facts about Plaintiff." Dkt. 40, p. 12. Bradbury cites no authority in support of her argument, and does not address a highly analogous case from the Northern District of Georgia holding that statements like the one underlying Bradbury's claim for slander are not actionable. *See Pospicil v. Buying Off., Inc.*, 71 F. Supp. 2d 1346, 1354 (N.D. Ga. 1999) (holding that statements by plaintiff's manager to other employees that plaintiff was "psycho," and that "she was trouble," were non-actionable because they are "opinion[s] of another person's personality" with respect to which reasonable minds may differ). Moreover, Bradbury does not respond at all to Defendants' showing that, because the second amended complaint provides no information about the date of the alleged slander, it does not state a viable claim for defamation regardless of the nature of the statement at issue.

Finally, the parties seemingly agree that Bradbury's claim for civil conspiracy rises or falls with the rest of her state-law tort claims. Because the conspiracy claim is entirely derivative, and because Bradbury has failed to plead any underlying tort with sufficient plausibility, dismissal is warranted.

D.      *Plaintiff's state-law claims are barred by sovereign and/or official immunity.*

Bradbury attempts to rebut Bryan County's showing that it is entitled to sovereign immunity by citing cases discussing the distinction between governmental and ministerial functions. Dkt. 40, pp. 18-19. However, those cases – *City of Atlanta v.*

-14-

*Mitcham, City of Atlanta v. White,* and others—address the immunity of *municipalities,* not counties. Under Georgia law, counties and cities are governed by distinct sovereign immunity frameworks. Unlike municipalities, counties in Georgia are entitled to sovereign immunity unless that immunity has been explicitly waived by the legislature. *See Gilbert v. Richardson,* 264 Ga. 744, 748 (1994) (holding that sovereign immunity of counties can be waived only by a "legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver."). The waiver of sovereign immunity for municipalities based on ministerial functions does not apply to counties. *See* O.C.G.A. § 36-33-1(b) ("Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable.").

None of the statutes under which Bradbury attempts to proceed – nor any factual allegations in the SAC – establish a waiver of Bryan County's sovereign immunity with respect to any of the state-law claims alleged. Accordingly, sovereign immunity would bar all such claims against the County had it been served. Bradbury does not respond to the invocation of official immunity by Defendants Howell and Bancroft, and their undisputed entitlement to that immunity presents a separate and independent basis for dismissal of the claims against the individual-capacity Defendants under Georgia law.

**CONCLUSION**

Bradbury's second amended complaint is procedurally defective as to Bryan County, substantively deficient as to all Defendants, and fails to state any claim upon which relief can be granted. For all of the reasons stated in their motion and in this reply, Defendants respectfully request that the Court grant their motion and dismiss the second amended complaint in its entirety.

Respectfully submitted, this thirteenth day of May, 2025.

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar No. 687830

/s/ Emily R. Hancock
Emily R. Hancock
Georgia Bar No. 115145

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com
ehancock@brbcsw.com

**ATTORNEYS FOR DEFENDANTS**